1   Chad S. Campbell (SBN CA 258723)
    CSCampbell@perkinscoie.com
2   Tyler R. Bowen (*pro hac vice* to be filed)
    TBowen@perkinscoie.com
3   PERKINS COIE LLP
    2901 North Central Avenue, Suite 2000
4   Phoenix, AZ  85012
    Tel: (602) 351-8000
5   Fax: (602) 648-7000

6   Philip A. Morin (SBN CA 256864)
    PMorin@perkinscoie.com
7   PERKINS COIE LLP
    11452 El Camino Real, Suite 300
8   San Diego, CA  92130-2020
    Tel: (858) 720-5700
9   Fax: (858) 720-5799

10   *Attorneys for STMicroelectronics, Inc.*

11

12

13                    **UNITED STATES DISTRICT COURT**

14                   **NORTHERN DISTRICT OF CALIFORNIA**

15

16   *IN RE* SUBPOENA TO ADVANCED          Misc. Case No.: 5:22-mc-80146
     MICRO DEVICES, INC.
17                                          **STMICROELECTRONICS, INC.'S**
     Served in case:                        **NOTICE OF MOTION AND MOTION TO**
18                                          **COMPEL SUBPOENA COMPLIANCE**
     *Ocean Semiconductor LLC v.*
19   *STMicroelectronics, Inc.*,
     Case No. 6:20-cv-01215-ADA (W.D. Tex.)
20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 2

I.      INTRODUCTION ........................................................................................................ 2

II.     FACTUAL BACKGROUND ....................................................................................... 3

        A.      Ocean Sued Much of the Semiconductor Industry on Patents That
                Originated from AMD ...................................................................................... 3

        B.      For Over Four Months, AMD Has Refused to Provide Information
                Relevant to ST Inc.'s Defenses ........................................................................ 4

                1.      AMD Refused to Provide Correspondence with Fullbrite Relating
                        to the Asserted Patents ......................................................................... 5

                2.      AMD Refused to Provide a Declaration Explaining Its Search
                        Methodology Relating to Certain Requests ......................................... 6

                3.      AMD Failed to Provide a Privilege Log Within a Reasonable Time .......... 7

III.    LEGAL STANDARD .................................................................................................. 8

IV.     ARGUMENT ............................................................................................................... 8

        A.      AMD's Correspondence with Fullbrite Is Highly Relevant and Should Be
                Produced ........................................................................................................... 9

        B.      AMD Should Be Compelled to Produce a Declaration Memorializing Its
                Search Efforts Related to Offers to Sell and Valuations of the Asserted
                Patents ............................................................................................................. 11

        C.      AMD Has Waived Privilege .......................................................................... 13

V.      CONCLUSION .......................................................................................................... 14

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

CASES

4

*Barnes & Noble, Inc. v. LSI Corp.*,
5   No. C 11-02709 EMC (LB), 2012 WL 6697660 (N.D. Cal. Dec. 23, 2012)............................10

6

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*,
    408 F.3d 1142 (9th Cir. 2005).....................................................................................13, 14
7

*Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*,
8   No. 17-cv-04732-PJH (EDL), 2018 WL 10231756 (N.D. Cal. Aug. 14, 2018),
    *objections overruled*, No. 17-cv-04732-PJH, 2018 WL 10231754 (N.D. Cal.
9   Sept. 6, 2018), and *order clarified*, No. 4:17-cv-04732-PJH, 2018 WL
    10231755 (N.D. Cal. Nov. 8, 3018)..................................................................................14
10

11

*Collaboration Props., Inc. v. Polycom, Inc.*,
    224 F.R.D. 473 (N.D. Cal. 2004)........................................................................................12
12

*Cypress Lake Software, Inc. v. Samsung Elecs. Am., Inc.*,
13   No. 6:18-cv-30-JDK, 2019 WL 6699742 (E.D. Tex. June 26, 2019)......................................10

14

*Dominguez v. Ford Motor Co.*,
15   No. 5:21-cv-00226-JWH-SP, 2021 WL 6496838 (C.D. Cal. Dec. 1, 2021) ..........................12

16

*Heat & Control, Inc. v. Hester Indus., Inc.*,
    785 F.2d 1017 (Fed. Cir. 1986)............................................................................................8
17

*High Point SARL v. Sprint Nextel Corp.*,
18   No. Civ. A. 09-2269-CM-DJW, 2011 WL 3241432 (D. Kan. July 29, 2011)........................11

19

*In re Clemente*,
20   17 F. App'x 968 (Fed. Cir. 2001) ........................................................................................14

21

*In re IPCom GmbH & Co., KG*,
    428 F. App'x 984 (Fed. Cir. 2011) ........................................................................................9
22

*Intel Corp. v. Prot. Cap. LLC*,
23   No. Civ. 13cv1685 GPC (NLS), 2013 WL 12313348 (S.D. Cal. Oct. 2, 2013).....................11

24

*Phx. Sols. Inc. v. Wells Fargo Bank, N.A.*,
    254 F.R.D. 568 (N.D. Cal. 2008)........................................................................................10
25

26

*Sorensen v. Lexar Media Inc.*,
    No. C 08-0095 JW (RS), 2008 WL 5383513 (N.D. Cal. Dec. 22, 2008) ................................10

27

*Uniloc USA, Inc. v. Apple Inc.*,
28   No. 19-cv-01692-EJD (VKD), 2020 WL 4368207 (N.D. Cal. July 30, 2020)..................10, 12

-ii-

Misc. Case No.: 5:22-mc-80146
ST INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

1

**TABLE OF AUTHORITIES (continued)**

2

**Page(s)**

3

**OTHER AUTHORITIES**

4

Fed. R. Civ. P. 26 ................................................................................................8

5

Fed. R. Civ. P. 34 ................................................................................................8

6

Fed. R. Civ. P. 45 ..........................................................................................8, 13

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, as soon as counsel may be heard before the assigned Judge at the assigned time in the assigned department, Movant STMicroelectronics, Inc. ("ST Inc."), Defendant in the underlying patent litigation action in *Ocean Semiconductor LLC v. STMicroelectronics, Inc.*, 6:20-cv-01215 (W.D. Tex.) (filed December 31, 2020) ("Texas Action"), moves and hereby does move pursuant to Federal Rules of Civil Procedure 37 and 45 and Local Rule 37 to enforce a subpoena served on non-party Advanced Micro Devices, Inc. ("AMD").  ST Inc. files this motion in this Court because AMD is headquartered within 100-miles of this District and compliance is proper here pursuant to Federal Rule of Civil Procedure 45(d).  This motion to compel ("Motion" or "Mot.") is based on the accompanying Memorandum of Points and Authorities, the Declaration of Tyler R. Bowen ("Bowen Decl.") and attached exhibits, and such other arguments that may be presented to the Court.

ST Inc. served AMD with a document and deposition Subpoena on December 21, 2021. *See* Bowen Decl. Ex. A ("Subpoena").  AMD provided objections and responses on January 11, 2022.  Bowen Decl. Ex. B.  ST Inc. seeks an order compelling AMD to produce the following relevant information in response to the Subpoena within seven days of the Court's order: (1) AMD's correspondence with Fullbrite Capital Partners LLC relating to AMD's 2017-2020 sale of patents including those currently asserted in the Texas Action; (2) a declaration describing AMD's efforts to search for documents related to offers to sell and valuations of patents asserted against ST Inc.; and (3) documents for which AMD has waived privilege because of its failure to provide a privilege log, including a certification from AMD that all requested documents have been produced.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Over four months ago, STMicroelectronics, Inc. ("ST Inc.") served a document and deposition subpoena ("Subpoena") on non-party Advanced Micro Devices, Inc. ("AMD") relating to a patent litigation action in Texas, *Ocean Semiconductor LLP v. STMicroelectronics, Inc.*, No. 6:20-cv-01215-ADA (W.D. Tex.) ("Texas Action").  AMD is an important player in the Texas Action:  it claims to have developed the technology underlying the asserted patents, and it later sold those patents to the parent company of the plaintiff.

After months of negotiations involving AMD's first set of lawyers and then months of talking by AMD's second set of lawyers, AMD still refuses to provide requested discovery relevant to the asserted patents and the underlying dispute being litigated.  From the outset, ST Inc.'s Subpoena asked for AMD's negotiation correspondence with the buyer of the patent portfolio that included the asserted patents.  AMD identified and searched a data room of materials related to the acquisition, as well as internal AMD correspondence relating to the transactions, but ultimately refused to produce responsive documents, arguing that none of the files within the trove is relevant.  That position is untenable.  As courts in this District have held, the information sought by ST Inc. is potentially relevant to a long list of issues such as non-infringement, invalidity, and damages.  Worse, AMD continues to withhold other relevant information from ST Inc.  AMD refuses to provide details about its search efforts for key documents that it claims do not exist.  And AMD did not provide a timely privilege log as required by Rule 45 and has therefore waived its right to claim privilege.  ST Inc. approaches the court only because its efforts to procure the requested information have been repeatedly rebuffed by AMD.  It is time for ST Inc. to obtain the information that it needs to defend itself in the Texas Action.  ST Inc.'s request is also urgent given that fact discovery closes on October 5, 2022, and there is much work to be done before that date relating to seven similar cases, eight asserted patents, 17 named inventors, over a dozen non-party subpoenas, and scores of potential party witnesses.

Accordingly, ST Inc. respectfully requests that the Court compel production of:  (1) AMD's correspondence with Fullbrite relating to the transactions that included the Asserted Patents; (2) a

-2-

Misc. Case No.: 5:22-mc-80146
ST INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

declaration describing AMD's efforts to search for documents related to offers to sell and valuations of patents asserted against ST Inc.; and (3) documents for which AMD has waived privilege because of its failure to provide a privilege log within a reasonable time, including a certification from AMD that all requested documents have been produced.

## II.    FACTUAL BACKGROUND

### A.    Ocean Sued Much of the Semiconductor Industry on Patents That Originated from AMD

On December 31, 2020, Ocean Semiconductor LLC ("Ocean") launched a litigation campaign against 10 semiconductor product companies. Ocean sued MediaTek, NVIDIA, NXP, Renesas, Silicon Laboratories, ST Inc., and Western Digital in the Western District of Texas; Analog Devices and Infineon in the Eastern District of Texas; and Huawei in the District of Massachusetts.[1] The case against ST Inc. involves eight patents: U.S. Patent Nos. 6,660,651 ("'651 patent"); 6,725,402 ("'402 patent"); 6,836,691 ("'691 patent"); 6,907,305 ("'305 patent"); 6,968,248 ("'248 patent"); 7,080,330 ("'330 patent"); 8,676,538 ("'538 patent") and 6,420,097 ("'097 patent") (collectively, the "Asserted Patents"). The patents generally relate to processes for automated manufacturing environments and semiconductor fabrication technology.

Rather than transferring the Asserted Patents directly to Ocean itself, AMD transferred them to Ocean's parent company, Fullbrite Capital Partners, LLC ("Fullbrite"). *See* Bowen Decl. Ex. C[2] (USPTO Assignment Records). Fullbrite acquired the patents from AMD through a series of transactions between December 2017 and October 2020.[3] AMD is the original assignee of the patents.[4] It employed all the inventors named on the patents.[5] As part of the patent sale to Fullbrite,

---

[1] *Ocean Semiconductor LLC v. MediaTek Inc.*, No. 6:20-cv-01210 (W.D. Tex.); *Ocean Semiconductor LLC v. NVIDIA Corp.*, No. 6:20-cv-01211 (W.D. Tex.); *Ocean Semiconductor LLC v. NXP Semiconductors NV*, No. 6:20-cv01212 (W.D. Tex.); *Ocean Semiconductor LLC v. Renesas Elecs. Corp.*, No. 6:20-cv-01213 (W.D. Tex.); *Ocean Semiconductor LLC v. Silicon Labs. Inc.*, No. 6:20-cv-01214 (W.D. Tex.); *Ocean Semiconductor LLC v. STMicroelectronics Inc.*, No. 6:20-cv-01215 (W.D. Tex.); *Ocean Semiconductor LLC v. Western Digital Techs., Inc.*, No. 6:20-cv-01216 (W.D. Tex.); *Ocean Semiconductor LLC v. Huawei Device USA Inc.*, No. 4:20-cv-00991 (E.D. Tex.); *Ocean Semiconductor LLC v. Analog Devices, Inc.*, No. 1:20-cv-12310 (D. Mass.); *Ocean Semiconductor LLC v. Infineon Techs. AG*, No. 1:20-cv-12311 (D. Mass.).
[2] All references to exhibits hereinafter refer to the exhibits attached to the Bowen Declaration.
[3] *See* Ex. D ("Patent Sale Agreement"); Ex. C (USPTO Assignment Records); *see also* Ex. F.
[4] *See* Ex. C (USPTO Assignment Records).
[5] *Id.*

-3-

Misc. Case No.: 5:22-mc-80146
ST INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

AMD corresponded with Fullbrite and set up a data room to facilitate the exchange of information. *See* Ex. E at 19–20.

### B. For Over Four Months, AMD Has Refused to Provide Information Relevant to ST Inc.'s Defenses

Given AMD's connection to the Asserted Patents, ST Inc. has been pressing to obtain relevant information within AMD's possession.  Shortly after discovery opened in December 2021, ST Inc. served a Rule 45 Subpoena on AMD.  *See* Ex. A.  AMD served its responses and objections on January 11, 2022.  *See* Ex. B.  The Subpoena sought documents relating to, for example:

- Negotiations regarding the Patent Sale Agreement and the Asserted Patents (Request No. 1);

- Efforts to monetize the Asserted Patents (Request No. 3);

- Valuations of the Asserted Patents (Request No. 23); and

- AMD's relationship with Fullbrite and/or Ocean (Request No. 27).

Ex. A at 9, 14; *see also id.* at Ex. B at 4–5, 6–7, 28–29, 31–32.

Despite numerous meet and confer telephone calls and lengthy email correspondence with AMD over the past four months, ST Inc. has been unable to obtain that discovery.  *See* Ex. E at 1–3.  To date, AMD has produced 23 documents totaling 204 pages.  Bowen Decl. at ¶ 4.  The production includes AMD's license agreements with GlobalFoundries, Samsung, and TSMC; presentations about AMD patents (only three of which mention a single asserted patent, the '097 patent); a handful of patent prosecution files for the '097 patent; and invention disclosure forms relating to the Asserted Patents that Ocean had already produced months before.[6]  *Id.*  ST Inc. has asked for a more complete response, including (1) AMD's correspondence with Fullbrite relating to the transactions that included the Asserted Patents; (2) a privilege log pursuant to Rule 45(e)(2); and (3) a declaration describing AMD's efforts to search for offers to sell and valuations of the Asserted Patents.  Ex. E at 4–7.  AMD has refused to provide the requested information.  *Id.* at 3–5.

---

[6] In addition to these documents, Fullbrite produced a copy of the Patent Sale Agreement and related amendments that it obtained from AMD.

-4-

Misc. Case No.: 5:22-mc-80146
ST INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

**1.  AMD Refused to Provide Correspondence with Fullbrite Relating to the Asserted Patents**

Request No. 1 from ST Inc.'s Subpoena seeks information related to AMD's sale of the Asserted Patents to Fullbrite:

> Documents and Communications between AMD and any licensee or potential licensee, related to any negotiations, contracts, agreements, licenses, or covenants not to sue relevant to any of the Asserted Patents or Patent Families, including but not limited to AMD's Patent Sale Agreement with Fullbrite, any amendments thereto, and any associated assignment agreements.

Ex. A at 9.  AMD's Response to Request No. 1 states that:

> AMD objects to the request to the extent that it seeks privileged or otherwise protected-from-disclosure documents, communications, or other information. AMD will not produce documents, communications, or other information subject to the attorney-client privilege, work product protection, or other privilege or protection. AMD further objects to the request to the extent that it seeks documents not relevant to any claim or defense in the litigation. Specifically, the request is not limited to the Asserted Patents (includes "Patent Families"), and it covers "potential licensee[s]" and "negotiations" in addition to executed licenses. AMD further objects to the request as vague and ambiguous, to the extent that it covers "potential licensee[s]" and "negotiations." AMD further objects to the request as overbroad and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, for the same reasons that the request covers documents, communications, and other information not relevant to the litigation. AMD further objects to the request to the extent that it seeks confidential information of third parties. AMD further objects to the request to the extent that STMicro may obtain the requested documents, communications, and other information from a party to the litigation or from public sources, in particular, "AMD's Patent Sale Agreement with Fullbrite."
>
> Subject to these objections, AMD is willing to meet-and-confer with STMicro.

Ex. B at 4–5 (alterations in original).

ST Inc. accepted AMD's offer to meet and confer, but AMD would not agree to produce documents.  In an email dated February 15, 2022, AMD asserted it "had limited (if any) substantive communications with third parties concerning the asserted patents, apart from what [it had] already produced, though [its] search is ongoing."  Ex. E at 24.  AMD then attempted to narrow ST Inc.'s request to "***substantive*** communications between AMD and Fullbrite related to the asserted

-5-

Misc. Case No.: 5:22-mc-80146
ST INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

1   patents." *Id.* at 21 (Feb. 23, 2022 email from AMD's counsel) (emphasis added).  ST Inc. refused

2   AMD's attempt to narrow the request, and reiterated that "[d]ocuments and communications that

3   . . . concern negotiations, contracts, or agreements that relate in any way to the asserted patents are

4   within the scope of [Request No. 1]." *Id.* at 20–21 (Feb. 25, 2022 email from ST Inc.'s counsel).

5         AMD also revealed that, contrary to its earlier claim, it possesses substantial information

6   relating to the sales of the Asserted Patents.  AMD explained that it had access to "***a data room***

7   maintained when AMD discussed selling certain patents with third parties that ultimately

8   culminated in the Fullbrite agreement" and was "collecting targeted ***communications from***

9   ***members of AMD's legal department***." *Id.* at 19–20 (Mar. 6, 2022 email from AMD's counsel)

10   (emphasis added).  AMD later took the position that though it had "searched for, collected, and

11   reviewed emails with Fullbrite representatives and data room documents," it determined there were

12   "no additional responsive, substantive communications to produce." *Id.* at 15–16 (Mar. 17, 2022

13   email from AMD's counsel).  In that email, AMD also offered to produce drafts of the Patent Sale

14   Agreement later in the week.  *Id.*   AMD subsequently reversed course and withheld those

15   documents from production. *Id.* at 13–14 (Mar. 28, 2022 email from AMD's counsel); *id.* at 12–

16   13 (Mar. 28, 2022 email from ST Inc.'s counsel).  AMD also confirmed it would not produce any

17   correspondence with Fullbrite. *Id.* at 3–4 (May 18, 2022 email from AMD's counsel).

18
19       **2.   AMD Refused to Provide a Declaration Explaining Its Search Methodology**
        **Relating to Certain Requests**

20         As early as February 9, 2022, ST Inc. requested that AMD "report on whether AMD has

21   searched for documents responsive to each request, including the results of any searches that have

22   been conducted" in order to facilitate the parties' meet and confer discussions. *Id.* at 25–26; *see*

23   *also id.* at 20–21 (Feb. 25, 2022 email from ST Inc.'s counsel) ("[D]efendants have repeatedly

24   requested that AMD describe its document searches, including the results of those searches.  We

25   repeat that request here.").  After several conferences, ST Inc. agreed to narrow its request for a

26   declaration to AMD's efforts to search for documents related to offers to sell the Asserted Patents

27   (Request No. 2) and documents related to valuation of the Asserted Patents (Request No. 23), such

28   as estimates of value based on internal accounting. *See* Ex. A at 9, 14; *see also, e.g.*, Ex. E at 19

-6-

Misc. Case No.: 5:22-mc-80146
ST INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

(Mar. 8, 2022 email from ST Inc.'s counsel); Ex. E at 2–3 (May 20, 2022 email from ST Inc.'s counsel).  AMD claims that no such documents exist but would not provide any declaration to explain its search protocols.  *See, e.g.*, Ex. E at 4–5 (May 17, 2022 email from ST Inc.'s counsel); *id.* at 3–4 (May 18, 2022 email from AMD' counsel).

### 3.  AMD Failed to Provide a Privilege Log Within a Reasonable Time

Since at least February 9, 2022, ST Inc. has requested a "log to describe any privileged documents withheld from production" pursuant to Federal Rule of Civil Procedure 45(e)(2)(A).  *Id.* at 25–26.  For instance, on February 25, 2022, as ST Inc. and AMD discussed monetization, sales, licensing, valuation, infringement, invalidity, and damages issues regarding the Asserted Patents, ST Inc. asked for a privilege log describing "any documents withheld on privilege grounds."  *Id.* at 20–21; *see also id.* at 22–26 (Feb. 9, 16, and 17, 2022 correspondence requesting privilege log).  Without narrowing its request, ST Inc. added that it "*also* request[ed] a privilege log of communications relating to Triant's ModelWare software and the prosecution of the '538 and '402 patents."  *Id.* at 19 (Mar. 8, 2022 email from ST Inc.'s counsel) (emphasis added); *see also id.* at 16–17 (Mar. 17, 2022 email from AMD's counsel stating that it subsequently found "no such documents" to log).

After AMD changed counsel in April 2022, ST Inc. repeated its request, and as a courtesy, provided a list of subject matter it expected a privilege log to address, such as (1) monetization efforts by AMD or any other party relating to any Asserted Patent (Request No. 3); (2) the actual or contemplated sale, offer for sale, or license of any Asserted Patent to Fullbrite or any other party (Request No. 1); (3) the value of any of the Asserted Patents (Request No. 23); (4) infringement, validity, and damages relating to any of the Asserted Patents (Request Nos. 4, 5, 10); (5) the prosecution of any Asserted Patent (Request Nos. 19, 21); and (6) financial or ownership interests in any of the Asserted Patents (Request No. 2).  *See* Ex. A; Ex. B; Ex. E at 1–3.

On May 18, 2022, after months of negotiations, AMD agreed to produce a limited privilege log "relating to efforts to monetize the specific patents" asserted by Ocean.  Ex. E at 3–4.  AMD noted it would not include "documents related to the Fullbrite sale."  *Id.*  Over 10 days later, ST Inc. again repeated its request for a log relating to the Asserted Patents and the subject matter listed

-7-

Misc. Case No.: 5:22-mc-80146
ST INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

1   above.  *See* Ex. E at 1–2.  AMD responded that it would provide a privilege log before June 14,

2   2022, which is over five months after AMD responded to ST Inc.'s Subpoena.  *Id.* at 1; Ex. B.  As

3   of the filing of this Motion, AMD still has not produced a privilege log.

4   **III.    LEGAL STANDARD**

5          Pursuant to Federal Rule of Civil Procedure 45, a non-party served with a subpoena, like a

6   party to the litigation, is required to produce relevant documents within its "possession, custody, or

7   control."  Fed. R. Civ. P. 26(a)(1)(A)(ii) and 34(a)(1); *Heat & Control, Inc. v. Hester Indus., Inc*.,

8   785 F.2d 1017, 1023 (Fed. Cir. 1986) ("[R]ule 45(b)(1) must be read in light of Rule 26(b)").  The

9   standards under Rule 26(b)(2) that apply to Rule 34 requests for production also determine the

10  appropriate scope of document requests in a Rule 45 subpoena.  Rule 26 allows parties to "obtain

11  discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

12  proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1). "Information within this scope of

13  discovery need not be admissible in evidence to be discoverable."  *Id*.

14         An entity withholding subpoenaed information under a claim of privilege must "expressly

15  make th[at] claim" and produce a privilege log describing "the nature of the withheld documents,

16  communications, or tangible things in a manner that, without revealing information itself privileged

17  or protected, will enable the parties to assess the claim."  Fed. R. Civ. P. 45(e)(2)(A)(i)-(ii).

18  **IV.    ARGUMENT**

19         AMD is not an uninterested non-party.  As the original assignee and owner of the Asserted

20  Patents, AMD possesses documents that are highly relevant to the Texas Action.  AMD sold the

21  Asserted Patents to Fullbrite knowing full well that Fullbrite would seek to monetize those patents

22  and potentially assert them against AMD's competitors.  Through Ocean, Fullbrite has done exactly

23  that.  After being sued by Ocean, ST Inc. diligently served a Subpoena on AMD to seek information

24  relevant to its defenses.  That information includes correspondence between AMD and Fullbrite

25  relating to the Patent Sale Agreement that covers the Asserted Patents, which could convey relevant

26  information about infringement, invalidity, and damages.  ST Inc. also sought information about

27  AMD's search for documents relating to offers to sell and valuations of the Asserted Patents and

28  requested a privilege log relating to several key topics.  To date, AMD has failed to provide any of

-8-

Misc. Case No.: 5:22-mc-80146
ST INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

1    this information.  Accordingly, ST Inc. requests that the Court compel AMD to produce (1) AMD's

2    correspondence with Fullbrite relating to the transactions that included the Asserted Patents; (2) a

3    declaration detailing AMD's search efforts for documents relating to offers to sell and valuations

4    of the Asserted Patents; and (3) documents relating to topics identified by ST Inc. for which AMD

5    has waived any privilege due to its unjustified delay and refusal to provide a privilege log (including

6    a certification that AMD has produced all requested documents).

7            **A. AMD's Correspondence with Fullbrite Is Highly Relevant and Should Be**
                **Produced**
8

9            Request No. 1 of ST Inc.'s Subpoena asks for communications between AMD and Fullbrite

10   relating to the Patent Sale Agreement.  Ex. A at 9; *see also* Ex. B at 4–5.  AMD admitted it has

11   access to correspondence with Fullbrite and an entire "data room" of documents relating to

12   discussions that "culminated in the Fullbrite agreement."  Ex. E at 19–20 (Mar. 6, 2022 email from

13   AMD's counsel).  But after reviewing the documents, AMD concluded that it has no "responsive,

14   substantive communications," though it agreed to produce draft agreements.  *Id*. at 16–17 (Mar. 17,

15   2022 email from AMD's counsel).  AMD later reneged on that promise, and ultimately refused to

16   produce any documents relating to negotiations with Fullbrite, *See id.* at 15 (Mar. 23, 2022 email

17   from AMD's counsel); *id.* at 3–4 (May 18, 2022 email from AMD's counsel).  To be clear, ST

18   Inc.'s request for pre-acquisition negotiation documents is not limited to documents that

19   specifically refer to the Asserted Patents, though it certainly extends to such documents.  The

20   requested correspondence is relevant to the Texas Action for these reasons.

21           First, the correspondence relates to damages issues.  The negotiation documents are likely

22   to reveal information about how AMD and Fullbrite arrived at a purchase price for the Asserted

23   Patents.  *See also, e.g.*, *In re IPCom GmbH & Co., KG*, 428 F. App'x 984, 985 (Fed. Cir. 2011)

24   (affirming discoverability of documents relating to purchase price and valuation of patents).

25   Moreover, negotiations covering the broader portfolio that includes the Asserted Patents are

26   relevant to damages issues such as AMD's patent sale practices and the incremental and relative

27   value of the Asserted Patents as compared to other patents in the portfolio.  In *Uniloc USA, Inc. v.*

28   *Apple Inc.*, No. 19-cv-01692-EJD (VKD), 2020 WL 4368207, at *1–2 (N.D. Cal. July 30, 2020),

-9-

Misc. Case No.: 5:22-mc-80146
ST INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

the dispute focused on whether documents valuing non-asserted patents were relevant to the value of the asserted patent in determining a reasonable royalty.  Although plaintiff argued that such documents were too far removed from the reasonable royalty calculation to be relevant, the Court held that the relative values of non-asserted patents sold in the portfolio related to damages as to the single patent-at-issue, and compelled production of the pre-acquisition negotiations.  *Id.* at *1, *3; *see also Cypress Lake Software, Inc. v. Samsung Elecs. Am., Inc.*, No. 6:18-cv-30-JDK, 2019 WL 6699742, at *3 (E.D. Tex. June 26, 2019) (granting motion to compel "communication[s] relating to the negotiation of the Financial Backer(s) or Patent Sale Agreement" after finding the documents were not privileged).

AMD also concedes that it possesses drafts of the Patent Sale Agreement, and even agreed to produce those drafts before changing its mind.  Ex. E at 13–14 (Mar. 28, 2022 email from AMD's counsel).  As courts have recognized, draft agreements are relevant to damages issues.  *See, e.g.*, *Sorensen v. Lexar Media Inc.*, No. C 08-0095 JW (RS), 2008 WL 5383513, at *2 (N.D. Cal. Dec. 22, 2008) (finding draft agreements relevant to "what value should be placed on the patents in suit" and "what constitutes a reasonable royalty");  *Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC (LB), 2012 WL 6697660, at *4 (N.D. Cal. Dec. 23, 2012) (stating drafts "are relevant to . . . potential damages" and a party "cannot gain access to these documents or communications in any other less burdensome way").  Notably, AMD has also admitted that it has "targeted communications from members of AMD's legal department" potentially about the Patent Sale Agreement, but has refused to provide those internal communications.  Ex. E at 19–20 (Mar. 6, 2022 email from AMD's counsel); *id.* at 13–14.  To the extent AMD claims these internal communications are privileged, it should be compelled to provide a privilege log.

Furthermore, as with patent licensing negotiations, patent sale negotiations can be relevant to infringement and invalidity issues.  *See, e.g.*, *Phx. Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 582 (N.D. Cal. 2008) (noting there are "a multitude of ways" that communications regarding licensing could be relevant in a patent infringement lawsuit).  For example, the negotiations could be relevant to ascertaining the extent of liability of potential litigation targets, formulating litigation strategy relating to the patents at issue, and infringement and validity of the

-10-

Misc. Case No.: 5:22-mc-80146
ST INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

1  patents at issue. *See High Point SARL v. Sprint Nextel Corp.*, No. Civ. A. 09-2269-CM-DJW, 2011

2  WL 3241432, at *5 (D. Kan. July 29, 2011).

3      AMD should produce the relevant correspondence and drafts related to the sale of patents

4  to Fullbrite. Producing these documents would not impose any undue burden on AMD. AMD has

5  already "searched for, collected, and reviewed emails with Fullbrite representatives and data room

6  documents." Ex. E at 16–17 (Mar. 17, 2022 email from AMD's counsel). The data room likely

7  houses all sorts of non-privileged and relevant materials. The information probably relates to all

8  90 or so of the patents transferred to Fullbrite, including the Asserted Patents. Ex. F. And it stands

9  to reason that non-lawyers from AMD and Fullbrite, such as businesspeople and financial analysts,

10  had access to the data room and created or modified non-privileged documents stored there. AMD

11  has also collected and reviewed "communications from members of AMD's legal department." *See*

12  Ex. E at 19–20. AMD knows exactly where the documents are located. Courts have compelled

13  non-parties to produce similar correspondence documents even where those parties were less

14  connected to the underlying litigation than AMD is to the Texas Action. *See, e.g.*, *Intel Corp. v.*

15  *Prot. Cap. LLC*, No. Civ. 13cv1685 GPC (NLS), 2013 WL 12313348, at *3 (S.D. Cal. Oct. 2, 2013)

16  (granting motion to compel production of documents regarding non-party investor's decision to

17  invest in patents at issue and its analysis of the investment). As AMD acknowledged, the requested

18  correspondence is not privileged. Ex. E at 19–20. AMD has an obligation to produce documents

19  and information in its possession, in response to ST Inc.'s Subpoena. And, as explained below,

20  because AMD refuses to log privileged documents relating to the Fullbrite negotiations, it has

21  waived the privilege as to those documents and should produce them.

22  **B. AMD Should Be Compelled to Produce a Declaration Memorializing Its Search**
23      **Efforts Related to Offers to Sell and Valuations of the Asserted Patents**

24      ST Inc. requests that the Court compel a declaration from AMD to document its efforts and

25  protocols to search for documents relating to offers to sell and valuations of the Asserted Patents.

26  *See* Ex. A at 9, 14; *see also, e.g.*, Ex. E at 20–21 (Feb. 25, 2022 email from ST Inc.'s counsel) and

27  *id.* at 2–3 (May 20, 2022 email from ST Inc.'s counsel). ST Inc. has repeatedly asked AMD about

28  offers to sell the Asserted Patents, but AMD alleges that its search turned up no documents. *See,*

-11-

Misc. Case No.: 5:22-mc-80146
ST INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

*e.g.*, *id.* at 1, 3–4; 19–20.  ST Inc. also asked AMD for documents relating to its internal accounting of the value of the Asserted Patents, including any analysis used to prepare financial submissions required by law for public companies; AMD responded that it "has no valuations of the patents-in-suit."  *See, e.g.*, *id.* at 15 (Mar. 23, 2022 email from AMD's counsel); *id.* at 19 (Mar. 8, 2022 email from ST Inc.'s counsel); *id.* at 4–5 (May 17, 2022 email from ST Inc.'s counsel); and *id.* at 3–4 (May 18, 2022 email from AMD's counsel).  AMD thus claims that the requested documents do not exist but has refused to provide a declaration to explain its search methods.

ST Inc. feared that AMD's searches may have been cursory or severely restricted and requested that AMD provide a declaration to describe its searches.  *Id.* at 7.  AMD refused, leaving ST Inc. clueless about the scope of its search efforts.  These circumstances justify an order compelling AMD to provide a declaration relating to its search.  Several courts have granted similar requests.  In one case, based on the concern that a party's search was too narrow, a court in this District granted a motion to compel the party to "provide a declaration describing its search for responsive documents and certifying that no such documents were located."  *Collaboration Props., Inc. v. Polycom, Inc.*, 224 F.R.D. 473, 477–78 (N.D. Cal. 2004).  In another case, *Dominguez v. Ford Motor Co.*, No. 5:21-cv-00226-JWH-SP, 2021 WL 6496838, at *2 (C.D. Cal. Dec. 1, 2021), the court granted a motion to compel a ***non-party*** to comply with a subpoena and "provide plaintiff with a declaration attesting to the protocol it used to search for the records in question."  A declaration would allow ST Inc. to understand the scope of AMD's search and help ST Inc. establish facts that could meaningfully affect the parties' presentations at trial, such as facts related to the value (or lack of value) of the Asserted Patents.  As one example, if AMD searched widely for documents relating to the value of the Asserted Patents and found none, that suggests the patents were not valuable enough to merit discussion and were not material drivers in the patent sale to Fullbrite.  *See, e.g.*, *Uniloc USA*, 2020 WL 4368207, at *1–2.

Providing a declaration would not impose an undue burden on AMD.  Indeed, to avoid undue burden, ST Inc. agreed to narrow its request for a declaration to AMD's offers to sell the Asserted Patents (Request No. 2) and documents regarding the value of the Asserted Patents (Request No. 23).  *See* Ex. A at 9, 14; *see also, e.g.*, Ex. E at 19 (Mar. 8, 2022 email from ST Inc.'s

-12-

Misc. Case No.: 5:22-mc-80146
ST INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

counsel); *id.* at 2–3 (May 20, 2022 email from ST Inc.'s counsel).  Accordingly, ST Inc. requests that the Court compel AMD to provide a declaration regarding its search protocols relating to offers to sell and valuations of the Asserted Patents.

### C.  AMD Has Waived Privilege

For months, ST Inc. has been requesting that AMD provide a privilege log.  *Id.* at 20–21. The Federal Rules of Civil Procedure are unequivocal that "[a] person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:  (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."  Fed. R. Civ. P. 45(e)(2)(A).

ST Inc. requested a log that describes privileged documents narrowly tailored to issues that are squarely relevant to the Texas Action:  (1) monetization efforts by AMD or any other party relating to any Asserted Patent; (2) the actual or contemplated sale, offer for sale, or license of any Asserted Patent to Fullbrite or any other party; (3) the value of any of the Asserted Patents; (4) infringement, validity, and damages relating to any of the Asserted Patents; (5) the prosecution of any Asserted Patent; and (6) financial or ownership interests in any of the Asserted Patents.  *See* Ex. E at 2–3.  While AMD has indicated it might provide a log for some documents, as of the date of this Motion ST Inc. has not received a log since serving the Subpoena over five months ago.  *Id.* at 1.

AMD's unjustified delay in providing a privilege log as to key categories of relevant discovery is grounds for waiver.  In *Burlington Northern & Santa Fe Railway Co. v. United States District Court for District of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005), the Ninth Circuit applied a four-factor test in ultimately determining that the district court did not err in finding the "defendant waived its privilege objections by failing to provide a privilege log."  *Id.* at 1147.  The factors are:  (1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged; (2) the timeliness of the objection and accompanying information about the withheld documents; (3) the magnitude of the document production; and (4) other particular circumstances of the

-13-

Misc. Case No.: 5:22-mc-80146
ST INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

1  litigation that make responding to discovery unusually easy or unusually hard. *Id.* at 1149. The

2  Ninth Circuit upheld the waiver finding because Burlington did not provide a privilege log for over

3  five months, and that delay "alone" was sufficient to immunize the district court's ruling from

4  reversal. *Id.* at 1149–50.

5        Here, AMD has not produced a privilege log despite over four months of negotiations.  A

6  timely-produced and adequately detailed log would have enabled ST Inc. to assess and, where

7  appropriate, challenge AMD's assertions of privilege.  Like the plaintiff in *Burlington*, AMD "is a

8  sophisticated corporate litigant" and should understand its obligations to produce a privilege log

9  under Rule 45(e)(2) in a timely way.  *See id.* at 1149.  Without a log, neither ST Inc. nor the Court

10  can evaluate whether the withheld documents are actually privileged.  AMD, moreover, cannot

11  claim that responding in a timely fashion would have been impossible or overly burdensome when

12  it has implied that the number of documents at issue is not substantial.  *See, e.g.*, Ex. E at 22–23,

13  24–25.  ST Inc. has consistently requested a log relating to the same topics for over four months.

14  During negotiations in and before February 2022, the parties focused on the same topics ST Inc.

15  lists above, and ST Inc. requested at that point that AMD produce a log for any documents withheld.

16  *Id.* at 20–26.  AMD has not timely provided the requested log.  Because AMD has waived privilege

17  as to ST Inc.'s requested discovery, ST Inc. seeks an order compelling AMD to produce any

18  otherwise privileged documents relating to the topics identified above and to provide a certification

19  that all such documents have been produced.[7]

20

21

22  **V.     CONCLUSION**

23

24  _____

[7] *See, e.g.*, *In re Clemente*, 17 F. App'x 968, 968–69 (Fed. Cir. 2001) (finding that the district court
25  did not err in ruling that privilege was waived under Rule 45(d)(2) for failure to timely prepare a
  privilege log); *Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*, No. 17-cv-04732-PJH (EDL),
26  2018 WL 10231756 (N.D. Cal. Aug. 14, 2018), *objections overruled*, No. 17-cv-04732-PJH, 2018
  WL 10231754 (N.D. Cal. Sept. 6, 2018), and *order clarified*, No. 4:17-cv-04732-PJH, 2018 WL
27  10231755 (N.D. Cal. Nov. 8, 3018) (granting motion to compel against a subpoenaed non-party
  because non-party had waived its right to assert privilege by failing to supplement its privilege log
28  despite repeated requests to do so).

1    For the reasons above, ST Inc. respectfully requests that the Court order AMD to comply

2  fully with the Subpoena and produce (1) AMD's correspondence with Fullbrite relating to the

3  transactions that included the Asserted Patents; (2) a declaration describing AMD's efforts to search

4  for documents related to offers to sell and valuations of patents asserted against ST Inc.; and (3)

5  otherwise privileged documents relating to the tailored topics described above, including a

6  certification from AMD that all requested documents have been produced.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-

Misc. Case No.: 5:22-mc-80146
ST INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

Dated:  June 10, 2022

Respectfully submitted,

*/s/ Chad S. Campbell*
Chad S. Campbell (SBN CA 258723)
CSCampbell@perkinscoie.com
Tyler R. Bowen (*pro hac vice* to be filed)
TBowen@perkinscoie.com
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ  85012
Tel: (602) 351-8000
Fax: (602) 648-7000

Philip A. Morin (SBN CA 256864)
PMorin@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA  92130-2020
Tel: (858) 720-5700
Fax: (858) 720-5799

*Counsel for STMicroelectronics, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on June 10, 2022, counsel of record for Ocean in the Texas Action shall be served via email at tdevlin@devlinlawfirm.com and oceansemi-dlf@devlinlawfirm.com, and via U.S. Mail:

Tim Devlin
Devlin Law Firm LLC
1526 Gilpin Avenue
Wilmington, DE  19806.

Counsel for AMD shall be served via email at doug.wilson@armondwilson.com, and via U.S. Mail:

Doug Wilson
Armond Wilson LLP
13785 Research Blvd.
Suite 125
Austin, TX  78750.

*/s/ Chad S. Campbell*
Chad S. Campbell (SBN CA 258723)

-16-

1

2

## **CERTIFICATE OF CONFERENCE**

3

4        Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37-1(a), I hereby

certify that from January 2022 through May 2022, counsel for ST Inc. met and conferred with AMD

5

in an attempt to resolve all disputed issues in good faith.  AMD responded that it would not provide

6

the information requested above or that it would not provide it in a timely manner, and the parties

7

were unable to resolve the issues.

8

9                                          */s/ Chad S. Campbell*
                                          Chad S. Campbell (SBN CA 258723)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28