UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO ADVANCED MICRO DEVICES, INC. <br><br> IN THE MATTER <br><br> OCEAN SEMICONDUCTOR LLC, <br><br>    Plaintiff, <br><br>    v. <br><br> STMICROELECTRONICS, INC., <br><br>    Defendant. | Case No. 22-mc-80146-VKD <br><br> **ORDER RE MOTION TO COMPEL COMPLIANCE WITH SUBPOENA** <br><br> Re: Dkt. No. 1 |

STMicroelectronics, Inc. ("ST") moves to compel non-party Advanced Micro Devices, Inc.'s ("AMD") compliance with a document subpoena ST served in connection with the action *Ocean Semiconductor LLC v. STMicroelectronics, Inc.*, 6:20-cv-01215-ADA in the Western District of Texas ("Texas action"). Dkt. No. 1. AMD objects that this Court does not have authority under Rules 37 and 45 to compel its compliance with the subpoena and opposes ST's motion on the merits. Dkt. No. 11. The Court held a hearing on the motion on July 19, 2022. Dkt. No. 18.

For the reasons explained below, the Court concludes that the Northern District of California is not the proper venue for ST's motion to compel and that the motion is properly heard in the Western District of Texas.

**I.  BACKGROUND**

In the Texas action, Ocean Semiconductor LLC ("Ocean") asserts that ST infringes eight patents. *See* Dkt. No. 1 at 3. AMD is the original assignee of the asserted patents, and it employed all of the named inventors. *Id.* AMD has its corporate headquarters in the Northern

District of California; however, it also has offices and transacts business in other jurisdictions, including in Austin, Texas in the Western District of Texas. *Id.* at 1; Dkt. No. 11 at 1.

In a series of transactions beginning in December 2017 and ending in October 2020, AMD transferred its interests in the asserted patents and others to Fullbrite Capital Partners, LLC ("Fullbrite"). Dkt. No. 1 at 3. Fullbrite is the parent company of the plaintiff, Ocean, in the Texas action. *Id.*

On December 21, 2021, ST served a subpoena on AMD seeking deposition testimony and documents. Dkt. No. 1-2. The subpoena is directed to AMD, care of its registered agent for service of process in Dallas, Texas. *Id.* at ECF 2. The subpoena specifies that the deposition will be conducted, and responsive documents must be produced, at the offices of ST's counsel, Perkins Coie LLP, at 500 West Second Street, in Austin, Texas, or "as mutually agreed upon." *Id.* On January 11, 2022, AMD served its objections and responses to the subpoena. Dkt. No. 1 at 1; Dkt. No. 1-3. AMD did not object to the location specified for the production of documents. Dkt. No. 1-3. The parties have not agreed on a different location, although ST has proposed alternative locations in Palo Alto and San Francisco, California. Dkt. No. 11-2 at ECF 2.

ST seeks an order compelling AMD to (1) produce AMD's correspondence with Fullbrite relating to AMD's 2017-2020 sales of patents to Fullbrite, (2) provide a declaration describing AMD's efforts to search for documents responsive to several of ST's document requests, and (3) produce documents withheld by AMD as privileged, on the ground that such privilege has been waived. *See* Dkt. No. 1 at 1.

**II.     DISCUSSION**

Rule 37 of the Federal Rules of Civil Procedure provides that a motion for an order compelling a non-party to comply with a subpoena "must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). Rule 45 requires a subpoena to "command each person to whom it is directed" to produce documents "at a specified time and place." Fed. R. Civ. P. 45(a)(1)(A)(iii). The place of compliance for production of documents must be "at a place within 100 miles of where the person resides, is employed or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A).

Here, ST's subpoena specifies that responsive documents must be produced at Perkins Coie's offices in Austin, Texas. Dkt. No. 1-2 at ECF 2. AMD does not dispute that the subpoena properly specifies a place for compliance that is within 100 miles of where AMD regularly transacts business. Dkt. No. 11 at 1, 3-4. ST argues that, regardless of the place for compliance stated on the face of the subpoena, a motion to compel may be brought in the jurisdiction where a non-party that is a corporation has its headquarters. *See* Dkt. No. 15 at 2-4. In addition, ST expresses concern that had it moved to compel in the Western District of Texas, AMD would have objected and moved to quash the subpoena based on the fact that AMD's headquarters are in California. *Id.* at 4 n.1.

ST principally relies on *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628 (C.D. Cal. 2018), which it characterizes as holding that the district in which a corporation is headquartered is the only proper venue for a motion to compel compliance with a subpoena directed to a corporation. Dkt. No. 15 at 2-3. ST reads too much into the *Europlay* decision, which, in any event, is not binding on this Court. In *Europlay*, non-party Google argued that both its headquarters and the relevant custodians of the responsive records were located in the Northern District of California, *and* Google had specifically objected that the subpoena failed to comply with the requirements of Rule 45(c)(2) by specifying a place of compliance in the Central District of California that was more than 100 miles away. *See Europlay*, 323 F.R.D. at 629.

By operation of Rules 37 and 45, ST's motion to compel should have been filed in the Western District of Texas, which encompasses Austin, Texas. *See, e.g., BBK Tobacco & Foods LLP v. Central Coast Agriculture, Inc.*, No. 21-mc-80189-DMR, 2021 WL 5507167, at *3 (N.D. Cal. Nov. 24, 2021). While it may be, as ST concedes,[1] that more than one place of compliance may satisfy the requirements of Rule 45(c)(2), in this case, ST has specified a place of compliance in Austin, Texas. Having selected that location, Rule 37 requires ST to bring its motion to compel in a jurisdiction that encompasses that location—i.e., the Western District of Texas. AMD agrees

---

[1] *See* Dkt. No. 15 at 2 ("Under Rule 45(c), *both* California (the place where AMD 'resides') *and* Texas (a place where AMD 'transacts business') can be proper places of compliance for the Subpoena at issue.").

that the Western District of Texas is the proper venue for ST's motion to compel. *See* Dkt. No. 11 at 1; Dkt. No. 18 (oral argument).

### III. CONCLUSION

The Court concludes that it does not have the authority to decide ST's motion to compel compliance with the subpoena to AMD because the motion was not filed in the correct venue. The Court denies the motion on this basis.

**IT IS SO ORDERED.**

Dated: July 22, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge